Good morning, Your Honor. Good morning. May it please the Court, my name is Adam Wang and I'm representing appellants and the plaintiffs in the District Court as well as the District Appeal. This is a very simple, typical region in our case. Plaintiffs were restaurant workers and they were hired in the first instances on an oral agreement and as the whole Chinese industry went around, they were offered a fixed amount of salary to cover the whole month regardless of how many hours they worked. And as a matter of fact, when all three plaintiffs were employed at the time, none of them were documented. In other words, none of them were eligible to work in the United States. And after a period of time, they got their papers and they were eligible to work. At that time, the employer started to put them on payroll records and at the end of each period, they would receive a paycheck, pay stubs, that stated a hourly rate, which is computed, which definitely is not comported with the actual amount of salary the employees were paid. Now, however, based on that pay records, based on that pay stubs that listed artificially designed designated hourly rates, the district court found that plaintiffs were not, these employees were not paid by fixed salary. Rather, they were paid the added hourly rates as shown, as listed on the pay stubs. Based on that most basic finding, and the district court made a series of the conclusion of law, first of all, they said that under Fair Labor Standards Act, plaintiffs were not entitled to do any overtime because that payroll, that pay stubs listed, plaintiffs were paid hourly regular rate at the hourly rate listed on the pay stubs, and the second, they were paid overtime as listed on that pay stubs. And the second ruling they made is that under California law, plaintiffs were not entitled to any overtime because they were basically paid hourly rate, rather than a fixed amount of salary. All these rulings were based on a wrong finding, a wrong fact finding that the plaintiffs were paid a fixed, were paid an hourly rate rather than a fixed amount of salary. Third issue that we appeal and requested this court to review is that district court did not apply the burden-shifting analysis articulated under Supreme Court case, Anderson and the Suprogeny cases, which held that in the case where employer failed to maintain accurate time records, plaintiffs were established that the primary facial showing, the plaintiffs would have met their primary facial burden by submitting sufficient evidence that the work, that the number of hours that they claimed to have worked and that they did not properly pay, they were not properly paid for that hours that they worked. Instead of the, Anderson case held that once the plaintiffs met that burden, burden shift to employer to come up with either one of evidence to prevail in that defense. First option that they have is to come up to do with evidence to show that the precise amount of the hours that worked by plaintiff, which I cannot imagine that they would be able to do without the actual time records. Of course, in this case, the defendant didn't do that because the records are very clear that they did not maintain the actual time records. And the second option that the defendant has is that they come up to do with evidence to rebut the reasonableness of the hours, reasonableness of number of hours that the plaintiffs worked. However, district court did not follow that analysis articulated in the Anderson. Rather, district court simply held that they did not believe that plaintiffs worked the number of hours that they claimed to work. And on that, based on that ruling, the district court found that the plaintiffs did not, is not entitled to any overtime wages that they claimed that they were entitled to. So you don't think that the pay stubs represented a mutually agreed on rate? No. First of all, as a matter of law, let me back up to a little bit to set up the framework of the legal analysis here. Under Fair Labor Standards Act, the ninth circuit has ruled numerous times that in order to have, in order for employer to argue that employee was paid a specific hourly rate as shown on the pay stub, they must show there is a specific, explicit agreement on that hourly rate. Defendant didn't do that. And the records show that this is not the case. Because, and as found by district court, district court specifically found that this increase were paid as already agreed by the oral agreement, that they were paid a fixed amount of salary. However, because they received the pay stub showing hourly rate on it and they did not make objection to that, and district court found that they were charged with implicit consent to their agreement. That's the basic finding. That's the basis for the district court to make that finding. However, both ninth circuit cases and the California cases rejected that approach. Ninth circuit case said that regardless of what the pay stub said, if employee was actually paid by a fixed salary, the fact that he received the pay stub showing the hourly rates on it, the fact that the employees did not object to the assertion as suggested by the pay stub that they were paid at the hourly rate, that's not the basis. That's not sufficient to find that there is a specific, explicit agreement on hourly rate. If we agree with you, Mr. Wang, what happens? We would remand it for, what, another trial with directions to the magistrate judge to recalculate it again? Or, I mean, are the number of hours in dispute? Where do we go from here? Yes. I don't think that the case should be remanded to the district court. Based on the records of the trial, and the only issue it seems for the trial court to weigh, is whether the number of hours claimed by plaintiffs were reasonable under the circumstances of in light of the business, the operation hours of defendants. So would the judge have to take more testimony, or would he just have to multiply the hours by the right rate? Yes. First of all, the district court has to find whether plaintiffs were paid by salary. And under that, the district court has to find the number of hours that the plaintiffs worked based on following the analysis of the Anderson. And then based on that, true facts, and the district court can calculate the regular rate that's applicable for the purpose of the overtime calculation and the multiply. And then from there, with the regular rate, with the number of hours worked, and the number of hours of overtime being known, and from there calculated the overtime. How does it work? Is there a trebling or a doubling of the overtime, or is it just whatever it is? Okay. The law, it's different than under Fair Labor Standards Act and under California law. Under Labor Standards Act, for the hours that are worked over 40 hours a week, the plaintiffs are entitled to actual half of that regular rate every hours worked over 40 hours a week. Now, under California law. That's the time and a half. That's time and a half. What I'm saying is if they're entitled to time and a half and they don't get time and a half, is there a penalty or do they just get their time and a half? Under Fair Labor Standards Act, they would just get the time and a half. Okay. And, of course, and we also, plaintiffs also claim that liquidity damages under Fair Labor Standards Act, which is basically equal to the amount of the unpaid overtime, because the district court has found that there is no overtime. Oh, and, of course, they found that no liquidity damages are entitled. Thank you. It should be due. Do you want to reserve a minute and a half? Yes. Thank you, Mr. Wright. Thank you, Your Honor. Good morning, Your Honor. May it please the Court. My name is Arthur Liu. I'm appearing on behalf of the appellees in this case, and they are the defendants in the underlying case. Thank you. This whole case rests on the credibility of the witnesses. First for the issue of the hourly rate or the fixed wages. The plaintiffs received pay stubs, which clearly show their hourly rate, their overtime rate, and the hours, regular hours worked, and overtime worked. The agreement between the plaintiffs and my clients is that they will be paid on an hourly basis, but they will be guaranteed a minimum of pay each month, which is more than the hourly wage that they would earn. On top of that, the plaintiffs would receive housing, meals, transportation, which the parties stipulated to be worth about $1,100 per month. Credibility of the witnesses. There are three witnesses in this case on this hourly issue. One plaintiff, Mr. Fu, admitted that he agreed to the $15 per hour rate for his compensation. The district court found that that testimony was believable. Furthermore, the district found that Mr. Fu's compensation for the whole relevant period of time of his claim was accurate. The pay stubs accurately reflected all the hours he worked and the overtimes he worked and all the compensation he needed to be paid. As to the other two plaintiffs, Mr. Wong and Mr. Yang, they claim that they saw this $6.75 hourly rate or the $7.50 per hour, but they didn't know what it means. And they never asked anybody what it means at times. But then, their testimony is inconsistent during trial and during the depositions. The district court found all three plaintiffs not credible. In our brief, I quoted all the instances of discrepancies between their trial testimony today and tomorrow. They gave different testimony, inconsistent and contradictory. And their testimony during trial and the depositions were drastically different. Even during the depositions, they gave different testimonies 10 minutes later. So the whole issue of hourly rate, whether it's they were paid, whether they're great to the hourly rate or they were purely paid on a fixed amount of salary each month, I think the district court found clear evidence to support our client's position that they are great to the hourly rate, they're great to the minimum guarantee each month, and they're great to the whole compensation package during their employment with my clients. Regarding hours worked, the plaintiffs all claimed that they worked 12 hours per day. Each day they worked. Again, they gave contradictory and inconsistent testimonies during the trial and during their depositions. The restaurant was open only for 10.5 hours. They're claiming that they worked for 12 hours. For Mr. Wong, he worked for both restaurants of my client. In the Walnut Creek restaurant, the restaurant wasn't open until 11.30. Again, he claimed that he went to work at 10 o'clock, 1.5 hours before the restaurant even opened. Why is that impossible? Why is it impossible somebody could get to the restaurant before it opens to get ready? Well, it's possible, but 1.5 hours earlier, Your Honor, that's not possible. Why is that not possible? Because the evidence shows that it was not possible because the restaurant was open only 10, 11.30. Nobody goes to work in that restaurant at 10 o'clock in the morning. Furthermore, Mr. Wong testified when he went to work, first they would have breakfast. And then he testified that breakfast would be served around 10.10. But when I pressed him when the waiters and waitresses would come for breakfast first, if they chose to do so, when would they come, he said 10.30. And they asked him, would the restaurant serve breakfast twice? He said no. Basically, regarding the hours that the plaintiffs worked, the district court correctly found that they did not work 12 hours a day. But leave that aside. The district court said even if they worked 12 hours a day, the compensation package covered all regular hours and overtime and double time hours. So there's no issue, there's no error in the findings in this case, not to mention clear error in the hours and rate that the plaintiffs worked and were compensated. One of the things that the appellants complained about is that the district court didn't make any findings at all with respect to the plaintiff Fu for the period, you know, August 2003 to 2004. That's right. And you never responded to that in your brief. I did not, Your Honor. So you concede that was error? No, Your Honor. It was not error because when, if the district court found violation, then the plaintiffs can go back four years. But in this case, the district court did not find any violation of either the Federal law or the California labor codes. So the plaintiffs cannot go back four years because there was no unfair competition in this case. So they can't go back four years to claim another year that they should be compensated. The district court didn't conclude that unfair competition law was violated? No, because the district court found that there was no violation of either the Federal law or the California law. So in that case, the plaintiffs cannot go back for four years. All they can do was to go back for three years. If there's violation, then they can go back to four years. Regarding the records of hours that the plaintiffs worked, the plaintiffs all worked fixed hours. It's not like in any other case that the plaintiffs have cited. Those cases, they worked irregular hours.  They worked six days a week, eight hours a day. And furthermore, my client informed the accountant how many hours the plaintiffs worked, the rate that's supposed to be paid. And the accountant produced the paystubs. The paystubs go back to 2001. So the records were kept accurately in this case. So the district court found that my client kept accurate records. Regarding the meals and rest breaks also, they claimed that they did not have the 34, 30 minutes for meal breaks. At first, they claimed that they didn't have rest breaks. Then later on, they conceded that they took the rest breaks during the work day. And then Mr. Wong, in particular, he testified inconsistently regarding how long it takes him to finish your meal. At first, during the deposition, he said 20 minutes or so. During direct examination, he said 10 minutes or so. When they pressed him during cross-examination, he said 10 or 15 minutes. The fact in this case is the meal periods were provided. Not only that, the meals themselves were provided by my clients. So there was no – the court found no violation of the rest period laws or the meal break laws. There was no – completely no violation in this case. Thank you, Your Honor. Thank you very much, Mr. Lu. Mr. Wang, you had a little time left. Yes, Your Honor. I would like to reply – respond quickly to this credibility issue that Mr. Lu raised. The credibility issue goes to the two questions. First, whether – the first issue is how plaintiffs were paid. Were they paid by hour or were they paid actually by salary? I think that with that issue, the district court that was found has made findings that the defendants did not appeal. I allude to the records, page 20. The district court said at that page in line that plaintiffs and the defendant had an explicit mutual agreement, but not one that was not initially based upon an hourly rate. Then at the next page, the next paragraph, the district court said, The question then becomes whether plaintiffs in this case are charged with knowledge and implied assent, implied assent to the hourly wage rates that listed there on the pay stubs. I think that the issue of whether plaintiffs were paid by hour or whether plaintiffs were actually paid by salary, but the district court only found – the only reason the district court found that they were paid by hour is because of this implied consent based on pay stubs. Thank you, Mr. Wang. I see your time is up. Mr. Lu, thank you, too.  Good morning, gentlemen.
judges: Adelman, Tashima, Silverman